These two consolidated cases involve the removal of two National Guard Technicians from the National Guard of North Carolina, under and ostensibly pursuant to the National Guard Technician Act, 32 U.S.C. §709(e)(3). They are before us on cross-motions for summary judgment. Plaintiffs were served charges and had hearings before a National Guard officer of another state. This officer recommended leniency, but the state Adjutant General refused to accept the recommendation. The most serious charges were *1036 that plaintiffs, while on civilian status, were required to work diligently to recruit new members for their military units, and this duty they had neglected with the result that the units were below their proper strength. The hearing officer seemed to feel that the deficiencies were mostly due to poor supervision. The Adjutant General’s final decisions do not state why he rejected the hearing officer’s view.
Defendant argued for a limited scope of review in its brief, but not an entire lack of jurisdiction. The case was heard by the same panel that heard Hayes v. United States, Ct. Cl. No. 188-80C, ante at 1031, and on the next day, but counsel on both sides were different. Defendant made the same argument orally here and in Hayes, that because of United States v. Erika, Inc., 456 U.S. 201 (1982), this court lacks jurisdiction to conduct even a limited review. The cases before us originated after the Civil Service Reform Act of 1978, but are still not docketed or regarded as appeals. They resemble the Hayes case in their jurisdictional problem in every respect that we regard as relevant.
For reasons explained in our Hayes order of even date, a copy of which is attached to this order for the information of counsel, we have decided not to order supplemental briefs, but instead to accord the limited review that would be proper if Erika does not apply, and consider the application of Erika only if the claims pass the less stringent test. Here plainly they do not. Whether plaintiffs did or did not recruit with sufficient zeal is a matter of judgment for the Guard command, as to which a civilian court has no expertise and in which it has no right to get involved. If the Adjutant General’s rejection of the leniency recommendations of the hearing officer was too curt and brusque, it is not apparent how this prejudiced plaintiffs. The decision to suspend plaintiffs during their one-month notice period is attacked as unauthorized, but we similarly conclude that it would be inappropriate for us to overturn this discretionary action.
Accordingly, plaintiffs’ motions for summary judgment are denied, and defendant’s motion for summary judgment is granted, but without prejudice in any other proceeding in any other tribunal, in view of the uncertainty as to our jurisdiction. The petitions are dismissed.